JAMES B. HARRIS *vs.* WHITE SEWING MACHINE COMPANY.

Suffolk.   November 17, 1909. — January 7, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

In an action at common law for personal injuries sustained by the plaintiff while in the employ of the defendant and engaged in operating a lathe run by power transmitted by a belt, it appeared that the plaintiff was an experienced machinist forty years of age and was familiar with the operation of lathes and belts. He knew that the lacing which fastens together the ends of belts was likely to stretch with use. A lever was provided for stopping the machine by throwing off the belt, and when the belt was thrown off the machine would come to a stop of itself in a few seconds. The machine would stop more quickly if the operator in addition to throwing off the belt put his hand on the belt. It was a common thing to stop the machine in that way, and the plaintiff testified that he had done it "hundreds of times." On the occasion of the accident the plaintiff threw off the belt by means of the lever, and then put his hand on the belt to bring the machine more quickly to a stop, when one of his fingers caught in the belt, at a place where the stretching of the lacing had left the ends of the belt about half an inch apart and where the side of the belt was rough, causing injuries to the plaintiff's hand. *Held,* that there was nothing to show that the machine was not safe enough for operation in the way in which it was intended to be operated in stopping it by the use of the lever, and that the plaintiff was not required to stop it by putting his hand on the belt, so that when he did so he assumed the risk of an accident from that cause. *Held, also,* that there also was no evidence of negligence on the part of the defendant.

TORT at common law for personal injuries sustained by the plaintiff while in the employ of the defendant and engaged in operating a lathe run by power transmitted by a belt, by reason of an alleged defect in the belt which was alleged to have been furnished negligently by the defendant for use by the plaintiff in his work.   Writ dated September 29, 1906.

In the Superior Court the case was tried before *White,* J., who at the close of the evidence ordered a verdict for the defendant, and in accordance with a stipulation of the parties reported the case for determination by this court.   If the ruling of the judge

was right, judgment was to be entered on the verdict for the defendant; otherwise, judgment was to be entered for the plaintiff in the sum of $200, without costs.

*A. L. Richards*, for the plaintiff.

*C. W. Rowley & L. Marks*, for the defendant, were not called upon.

MORTON, J.   The plaintiff was an experienced machinist, forty years old, and was familiar with the operation of lathes and with belts, and knew that the lacing where belts are fastened together was liable to stretch with use.   At the time of the accident he was at work on a lathe.   He threw off the belt by means of a lever made for that purpose, and put his hand on or took hold of the belt so as to slow down the machine and bring it more quickly to a stop, when one of his fingers caught in the belt, causing the injuries to his hand that are complained of.   The plaintiff was the only witness and he testified that he examined the belt after the accident and found that the lacing had stretched so that the ends of the belt were about half an inch apart and that it was in the space thus left or in the lacing that his finger was caught.   He also testified that the belt was rough on the side.   These were the only defects complained of.

The accident would not have happened if the plaintiff had not put his hand on the belt.   It was no doubt a common thing to stop the machine in that way.   The plaintiff testified that he had done it "hundreds of times."   But he was not required to stop the machine by putting his hand on the belt, and if he chose to do it he must be held to have assumed the risk.   There was a lever provided for stopping the machine by throwing off the belt.   When the belt was thrown off the machine would come to a stop of itself in a few seconds.   As an experienced machinist the plaintiff did not need to be told of the possible danger in putting his hand on the belt without examining it, and the pressure of work furnished no excuse for what he did.   There is nothing to show that the machine was not safe enough for operation in the way in which it was intended to be operated.   We see no evidence of negligence on the part of the defendant, and, as already observed, we think that the plaintiff must be held to have assumed the risk of what he did.

*Judgment on the verdict.*